STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. LOUIS MICHAEL THRASHER, RESPONDENT.

502 N.W.2d 93

Filed June 25, 1993.    No. S-93-301.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

In this disciplinary action, the Nebraska State Bar Association (Association) has filed a number of formal charges against Nebraska attorney Louis Michael Thrasher. Thrasher, after being given notice through publication, has failed to answer the charges. We thus grant the Association's motion for judgment on the pleadings and order Thrasher disbarred.

In late 1992, the Association's Council for Discipline received a number of letters alleging misconduct by Thrasher. Based on these letters, a formal hearing was held to review the allegations. Although served with notice of the hearing, Thrasher did not appear or respond to the complaints.

On April 12, 1993, the Association's Disciplinary Review

Board filed a report summarizing the allegations of misconduct against Thrasher. From the report and the letters of complaint also contained in the pleadings, the following acts of misconduct have been attributed to Thrasher:

In April 1992, when a uniformed police officer attempted to serve him with a summons, Thrasher twice denied his identity. The officer later verified that the man he had attempted to serve was, in fact, Thrasher.

The report also addressed complaints from two separate litigants whom Thrasher had agreed to represent. Each litigant paid Thrasher a retainer at the beginning of Thrasher's representation. Both parties stated that, following initial discussions, Thrasher had failed to pursue their cases or to return their repeated calls. It is also alleged that the limitations periods ran on both parties' claims and that their retainer monies have not been returned.

The pleadings also indicate that Thrasher was appointed to serve as another complainant's counsel in federal court. Despite repeated requests by the litigant and the court, Thrasher made no contact with the litigant. Ultimately, the litigant received substitute counsel. Thrasher failed to appear at a hearing to show cause why he should not be held in contempt or disciplined for failure to adequately represent the litigant.

Based on the preceding findings by the board, formal charges were filed against Thrasher. Subsequently, additional formal charges were filed alleging that Thrasher had agreed to testify as an expert witness. Thrasher received a fee and a client file in relation to the agreement. The firm which hired Thrasher wrote to the Association stating that Thrasher had failed to contact them or to return the file and fee.

After notice of the charges was mailed to Thrasher's last known address, the notice was returned with indications that Thrasher had moved and left no forwarding address. Notice was then given through publication, pursuant to Neb. Ct. R. of Discipline 10(G) (rev. 1992). After Thrasher failed to answer the charges within the required timeframe, the Association moved for judgment on the pleadings under Neb. Ct. R. of Discipline 10(I) (rev. 1992). The Association has requested a sanction of disbarment.

We find that the requirements of rule 10 have been satisfied, and we see no reason that judgment on the pleadings should not be granted.

With regard to the sanction, we find disbarment appropriate. The allegations against Thrasher, which he has not denied, constitute, at the very least, violations of Canon 1, DR 1-102(A)(1), (4), (5), and (6), of the Code of Professional Responsibility. As a result of his actions, two individuals have been deprived not only of substantial sums of money, but of their right to pursue legal remedies as well. We find Thrasher's conduct reprehensible and inexcusable. We thus order him disbarred from the practice of law in Nebraska, effective immediately.

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.